UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

NELSON B. OWENS,                )
                                )
    Plaintiff,                  )
                                )
vs.                             )   CV96-S-2140-S
                                )
BELLSOUTH TELECOMMUNICATIONS,   )
INC., BUTLER SERVICES, INC.,    )
LINDA CARTER, JOHN RIMES,       )
MARK COCHRAN, PAUL MCALISTER,   )   **ENTERED**
RONALD S. AWTREY, THOMAS D.     )
PATE,                           )   MAR 2 8 1997 
                                )
    Defendants.                 )

## MEMORANDUM OPINION

This action is before the court on the amended motion for judgment on the pleadings or, in the alternative, to dismiss filed by defendants Butler Services, Inc., Linda Carter, and Thomas Pate ("the Butler Defendants"), and the motion to strike filed by those same defendants. Upon consideration, the motion for judgment on the pleadings or, in the alternative, to dismiss is due to be granted in part, but denied in part, and the motion to strike is due to be granted.

### I. DISCUSSION

Plaintiff asserts the following claims against the Butler Defendants: (1) conspiracy to defraud; (2) interference with contractual relationship; and (3) outrage.[1]

---

[1] Jurisdiction in this action is based on federal question jurisdiction under 42 U.S.C. § 1331, because plaintiff asserts an ERISA claim against his employer, BellSouth.

20

**A.  Conspiracy to Defraud**

"Where civil liability for a conspiracy is sought to be enforced, the conspiracy itself furnishes no cause of action. The gist of the action is not the conspiracy alleged but the wrong committed." *McLemore v. Ford Motor Co.*, 628 So. 2d 548, 550 (Ala. 1993). Thus, to establish a conspiracy to defraud, plaintiff must prove the "wrong committed" - fraud.

Under Alabama law, a misrepresentation claim has the following elements (whether characterized as a common law tort, as statutory fraud under Alabama Code § 6-5-101, as deceit under Alabama Code § 6-5-103, or as fraudulent deceit under Alabama Code § 6-5-104): (1) a misrepresentation of a material fact; (2) made willfully to deceive or recklessly without knowledge; (3) which was justifiably relied on by the plaintiff under the circumstances; and (4) which caused damage as a proximate consequence. *E.g., Harrington v. Johnson-Rast & Hays Co.*, 577 So. 2d 437 (Ala. 1990); *see also Reeves Cedarhurst Development Corporation v. First American Federal Savings & Loan Association*, 607 So. 2d 180 (Ala. 1992). Plaintiff alleges that all defendants defrauded him by conspiring "to make it appear that plaintiff was guilty of the acts of knowingly arranging for a personal plumbing bill to be paid by Defendant BellSouth, and of converting a company battery charger to his own use." (Plaintiff's Complaint, ¶ 8.)

Plaintiff has essentially alleged that the Butler Defendants conspired with BellSouth security personnel to make misrepresentations to his employer, BellSouth, "to make it appear"

2

MAR-28-1997 16:27    205 551 0741    P.06

that plaintiff was a thief. (Id.) BellSouth, in turn, relied on those misrepresentations when terminating his employment. Under Alabama law, plaintiffs may not maintain fraud claims for representations made to third parties. See Ames v. Pardue, 389 So. 2d 927, 931 (Ala. 1980)(plaintiff could not base fraud claim on misrepresentations made to third-party); Lee v. United Federal Sav. & Loan Assoc., 466 So. 2d 131, 133 (Ala. 1985)(defendant entitled to summary judgment where no evidence was presented that misrepresentation was made to the plaintiff). Thus, plaintiff cannot recover for any misrepresentation made to BellSouth, because plaintiff was "not the person[] to whom [the] representation was made." Ray v. Montgomery, 399 So. 2d 230 (Ala. 1980).

To the same end, plaintiff cannot establish that he relied on any alleged misrepresentation made by defendants. "It is fundamental that the representee who has relied on the defendant's misstatements and the plaintiff who was injured must be one and the same." Ray v. Montgomery, 399 So. 2d 230, 233 (Ala. 1980)(citations omitted). Plaintiff alleges that he was injured by the defendants' fraud because BellSouth terminated his employment. Clearly, BellSouth, not plaintiff, relied on defendants' alleged misrepresentation in making the decision to terminate plaintiff's employment. That claim, therefore, is due to be dismissed. Because the argument presented by the Butler defendants applies to all defendants, this court sua sponte dismisses plaintiff's conspiracy to defraud claim as to all defendants.

3

MAR-28-1997 16:26    USDC HUNTSVILLE    205 551 0741    P.006/008

### B. Interference with Business or Contractual Relations

In *Gross v. Lowder Realty Better Homes & Gardens*, 494 So. 2d 590, the Alabama Supreme Court reviewed the law of intentional interference with contractual relations and the law of intentional interference with business relations and adopted a single rule to encompass both actions. Plaintiff's complaint includes a count entitled "Interference with Contractual Relationship." This court liberally construes plaintiff's complaint as presenting a claim for the tort of intentional interference with business or contractual relations.

The following elements are required to establish the tort of intentional interference with business or contractual relations: (1) the existence of a contract or business relation; (2) defendants' knowledge of the contract or business relation; (3) intentional interference by defendants with the contract or business relation; and (4) damage to the plaintiff as a result of defendants' interference. *Gross*, 494 So. 2d at 597.[2]

The Butler defendants assert that plaintiff is unable to establish that they had knowledge of any contractual relationship between plaintiff and BellSouth, and that, at best, plaintiff's employment was "at will." This court concludes that dismissal of plaintiff's claim based on a motion for judgment on the pleadings

---

[2] Absence of justification for defendant's interference is listed by the *Gross* court among the elements of such tort, but a footnote in the opinion (*Gross*, 494 So. 2d at 597 n.3) and subsequent decisions (e.g., Soap Co. v. Ecolab, Inc., 646 So. 2d 1366 (Ala. 1994); Joe Cooper & Assocs., Inc. v. Central Life Assur. Co., 614 So. 2d 982 (Ala. 1993); Century 21 Academy Realty, Inc. v. Breland, 571 So. 2d 590 (Ala. 1990)) make clear that justification is an affirmative defense, and no part of the plaintiff's burden of proof.

4

would be premature. Although defendants present compelling arguments, this court is hesitant to dismiss that claim based solely on the pleadings. Accordingly, this court concludes that such arguments should be considered at the summary judgment stage, after there has been full factual development in the case.

### C. Tort of Outrage

The elements of the tort of outrage are: (1) defendants either intended to inflict emotional distress, or knew or should have known that emotional distress was likely to result from their conduct; (2) defendants' conduct was extreme and outrageous; and (3) defendants' conduct caused emotional distress so severe that no reasonable person could be expected to endure it. *See, e.g., American Road Service Co. v. Inmon*, 394 So. 2d 361, 365 (Ala. 1981). Further, the conduct must be "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *Id.* The outrage standard is quite high: mere annoyances or indignities are not enough to make defendants liable for outrage. Although the pleadings in the action do not suggest facts which would establish conduct so outrageous as "to be regarded as atrocious and utterly intolerable in a civilized society," *id.*, this court will not dismiss such a claim without first allowing plaintiff to fully develop the underlying facts of this action. Accordingly, defendants' motion to dismiss is due to be denied as to plaintiff's outrage claim.

5