UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

NELSON B. OWENS, )
)
    Plaintiff, )
)
vs. ) CV96-S-2140-S
)
BELLSOUTH TELECOMMUNICATIONS, )
INC., BUTLER SERVICES, INC., )
LINDA CARTER, JOHN RIMES, )
MARK COCHRAN, PAUL MCALISTER, )
RONALD S. AWTREY, THOMAS D. )
PATE, )
)
    Defendants. )

**ENTERED**
**APR 1 5 1997**

## MEMORANDUM OPINION

This action is before the court on the following motions: (1) the motion to preclude the testimony of plaintiff's expert witness, Fred E. Johnson, filed by defendants BellSouth Telecommunications, Inc., John Rimes, Mark Cochran, and Ronald S. Awtrey; (2) the motion for protective order filed by those same defendants; (3) BellSouth's motion to shorten the time for plaintiff to respond to its request for production of documents; (4) plaintiff's motion to reconsider this court's order entered March 28, 1997; and (5) plaintiff's "Response to Motion to Preclude Testimony of Plaintiff's Expert" which this court construes as an inapt motion to compel and to extend the deadline to submit his expert witness report as required by Fed. R. Civ. P. 26(a)(2)(B).

### I. DISCUSSION

**A.   Discovery Motions**

Plaintiff did not comply with this court's November 5, 1996 scheduling order, which requires the parties to disclose the report of any expert witnesses by March 4, 1997. Plaintiff claims he was

unable to comply with that order because several BellSouth employees he noticed for deposition on <u>December 2, 1996</u> did not appear at those depositions. If that is so, plaintiff should have filed a motion to compel soon thereafter. He did not. Instead, he waited approximately four months (at which time his deadline for presenting his expert witness report had expired) to request such action, and then the request was made only in response to defendant's motion to preclude his expert's testimony. Plaintiff's delay is inexcusable and, therefore, the motion to preclude the testimony of his expert witness is due to be granted.

The last sentence of plaintiff's response to the motion to preclude the testimony of his expert witness reads:

> [P]laintiff would request an order from the court compelling these defense witnesses and defendants to appear for deposition as scheduled and an extension of one week from that date within which the plaintiff may submit its expert report required under Rule 26(a)(2)(b) should plaintiff determine he will use said expert.

(Plaintiff's Response, at 2-3.) Plaintiff wants to depose 15 persons and "among those to be deposed" he lists six various BellSouth supervisors and witnesses. This court is unable to discern who are the 15 witnesses plaintiff seeks to compel to attend those depositions. Accordingly, that motion is due to be denied.

The same defendants that filed the motion to preclude plaintiff's expert testimony also filed a motion for protective order, requesting that the court prevent plaintiff from taking depositions of several present and former BellSouth employees. BellSouth also filed a motion to shorten the time for plaintiff to

2

respond to its request for production of documents. This court concludes that both motions are due to be denied. All parties are instructed to proceed with discovery forthwith, so as to comply with the discovery cutoff (May 5, 1997) imposed by this court's scheduling order entered November 5, 1996.

### B. Plaintiff's Motion to Reconsider

Plaintiff requests that this court reconsider its order entered March 28, 1997, in which the court dismissed his claim of "conspiracy to defraud." Plaintiff characterizes that claim as follows:

> [T]he "Butler defendants" conspired with themselves and others and misrepresented to the plaintiff that the battery charger that was found by the plaintiff was the one that he ordered for his personal use, and that the plaintiff relied upon such misrepresentation and took the battery charger home and installed same upon his boat, and as a result, he was fired after 23 years of service. Furthermore, the plaintiff alleges that the evidence will show that the "Butler defendants" conspired with themselves and others and misrepresented to him the nature of a plumbing bill; that is, they represented to him and characterized that the plumbing bill was a company bill, when in fact it was plaintiff's personal bill and the "Butler defendants" et al. had knowledge and the plaintiff relied upon such misrepresentation and paid the bill with BellSouth funds, and as a result, he was fired after 23 years of service.

(Plaintiff's Motion to Reconsider, at 2.) This court concludes that such facts, if proven, would support a claim of conspiracy to defraud. Therefore, this court's prior order dismissing that claim will be vacated to the extent that such a claim was dismissed.

### II. CONCLUSION

An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 15th day of April, 1997.

_____
United States District Judge

4